UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE VALDERRAMA,

Plaintiff,

v. Case No. 6:26-cv-1352-CAB

ARANGO INSULATION, INC.
and LUIS ARANGO,

Defendants.

---

**ORDER**

This cause comes before the Court on the Parties' Renewed Joint Stipulated Motion to Approve Settlement Agreement and for Dismissal with Prejudice (the "Motion") (Doc. 32), filed October 5, 2026. Upon consideration, the Motion will be granted.

## I. BACKGROUND

Plaintiff, Jose Valderrama, initiated this case against Defendants, Arango Insulation, Inc. and Luis Arango, by filing a Complaint in this Court in June 2026. (Doc. 1). Plaintiff asserts claims for violation of the overtime wage provision and retaliatory constructive discharge prohibition of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219. (*Id.*). Plaintiff alleges that, between May 5, 2024, and April 12, 2026, he worked as a full-time driver for Defendants. (Doc. 1 ¶ 10). Plaintiff alleges that he regularly worked in excess of 40 hours per week, namely at

least 60 hours per week, without compensation for all of his overtime hours. (*Id.* ¶¶ 13–14). Defendant denies liability for Plaintiff's claims. (Doc. 19).

On September 18, 2026, the Parties filed an initial motion seeking approval of a settlement agreement that they had negotiated (Doc. 29). The Court denied that motion without prejudice, holding that the proposed settlement agreement impermissibly included a "general release" and allowed for modification of the agreement without Court authorization. (Doc. 30). On October 5, 2026, the Parties filed the instant Motion seeking approval of a new Settlement Agreement and Release of FLSA Claims, (Doc. 32-1) (the "Revised Agreement"). The Motion is ready for review.

## II. STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated minimum hourly wage, and section 207 prescribes overtime compensation of "one and

one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived . . . ." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *Lynn's Food Stores, Inc. v. United States ex. rel. U.S. Dep't of Labor*, 679 F.2d 1350,1354–55. If a settlement is not supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights

> brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee, or "internal" factors, and whether the settlement frustrates the purpose of the FLSA, or "external" factors. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).[1]

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981 are binding on the Eleventh Circuit).

## III. DISCUSSION

The proposed Revised Agreement (Doc. 32-1) involves a compromise of Plaintiff's claims; therefore, the Court must review the reasonableness of the proposed settlement. *See Lynn's Food Stores, Inc.,* 679 F.2d at 1350. Having reviewed the Revised Agreement, the Court finds that the proposed settlement is a reasonable compromise of a bona fide dispute between parties represented by competent counsel. *Id.* The Court finds that the agreed-upon fees and costs to be paid to Plaintiff's counsel were determined independently (*see* Doc. 32 at 4), did not affect the payment to Plaintiff, and otherwise appear to be reasonable. *See Bonetti v. Embarq Mgmt. Co.*, Case No. 06:07-CV-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009).

## IV. CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** that the Parties' Renewed Joint Stipulated Motion to Approve Settlement Agreement and for Dismissal with Prejudice (Doc. 32) is **GRANTED**. The Revised Agreement (Doc. 32-1) is **APPROVED**, and this case is **DISMISSED** with prejudice. The Clerk is **DIRECTED** to close the case.

**DONE** and **ORDERED** in Orlando, Florida on October 6, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record